UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN PLUMITALLO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>UNUM GROUP,<br><br>Defendant. | Case No.:<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT** |

Plaintiff STEPHEN PLUMITALLO ("Plumitallo" or "Plaintiff"), individually, and on behalf of all others similarly situated, by and through his attorneys, Fisher Taubenfeld LLP, alleges against Defendant UNUM GROUP ("Unum" or "Defendant") as follows:

## NATURE OF THE ACTION

1. This putative class and collective action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") against Defendant for willfully failing to pay Plaintiff and a collective of similarly situated employees applicable overtime rates.

2. This putative class and collective action also arises under Art. 6 of the New York Labor Law ("NYLL") against Defendant for willfully failing to pay Plaintiff and a class of similarly situated employees applicable overtime rates.

3. This putative class and collective action also arises under Art. 6 of the New York Labor Law ("NYLL") against Defendant for willfully failing to proffer compliant wage notice and wage statements to Plaintiff and a class of similarly situated employees.

4. By this action, Plaintiff, individually and on behalf of all others similarly situated, seeks actual and statutory damages, interest, costs, and reasonable attorneys' fees, as well as certification of this action as a class and collective action on behalf of himself and all others similarly situated.

1

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action because it involves a question of federal law, 29 U.S.C. § 201 *et seq.*

6.      This Court has supplemental jurisdiction over the state law claims because the state law claims are so related to the claims in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution pursuant to 28 U.S.C. § 1367.

7.      This Court has diversity jurisdiction over this action because the amount at stake is greater than $75,000 and is between citizens of different States.

8.      Plaintiff is a resident of North Carolina.

9.      Defendant is a resident of Tennessee.

10.     Venue is proper in this District because Defendant conducts business in this District, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## PARTIES

11.     Defendant is an international business corporation organized and existing under the laws of the State of Delaware. Upon information and belief, the Defendant maintains its principal place of business at 1 Fountain Square, Chattanooga, TN, 37402.

12.     Plaintiff is an individual who was directly employed by Defendant within the meaning of the FLSA and NYLL.

## FACTUAL ALLEGATIONS

13.     At all times relevant herein, Defendant went by the name Unum Group and has operated an insurance business.

14. Upon information and belief, at all times relevant hereto, Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

15. Upon information and belief, at all relevant times hereto, Defendant has been and continues to be an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

16. Defendant constitutes an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

17. At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA. In particular, Plaintiff used equipment, including a computer, parts of which originated outside of New York State.

18. At all relevant times, Defendant has been Plaintiff's employer within the meaning of the NYLL §§ 2 and 651.

## PLAINTIFF'S CLAIMS

19. Plaintiff worked for Defendant from 1999 until April 2021.

20. Plaintiff held several titles over the course of his employment with Defendant, starting as an Administrative Assistant.

21. Starting in 2013, Plaintiff's role at Defendant's company was as a Client Manager.

22. From 1999 until March 2020, Plaintiff was based in Defendant's Manhattan location.

23. Until March 2020, Plaintiff worked for Defendant as an outside salesman and was thus exempt from overtime requirements.

24. Beginning in March 2020, Plaintiff began working exclusively from home and no longer met with clients in person because of the COVID-19 pandemic.

25. Despite Plaintiff no longer working as an outside salesman beginning in March 2020, Defendant continued to treat Plaintiff as exempt from overtime.

26. From March 2020 until April 2021, Plaintiff typically worked from 8:00 a.m. to 7:00 p.m. or later each weekday, and often for 3-4 hours each day on weekends.

27. Plaintiff therefore worked between 60-80 hours per week.

28. From 2013 until Plaintiff was terminated, Defendant paid Plaintiff a salary of $79,300, plus commission if Plaintiff's sales were greater than $9,300 annually.

29. At no time during Plaintiff's period of employment did Defendant provide Plaintiff with a NYLL-compliant wage statement.

## **COLLECTIVE ACTION ALLEGATIONS**

30. Plaintiff brings his First Cause of Action individually and as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons nationwide who opt-in to this action pursuant to 29 U.S.C. § 216.

31. The collective Plaintiff seeks to represent is defined as all persons who are or were employed by Defendant or any of them, on or after the date that is three years before the filing of the complaint in this case who worked as Client Managers, Small Business Consultants, and other employees who performed similar job duties, and who were not paid the applicable overtime rate for all hours worked over 40 in a given workweek (the "FLSA Class").

32. At all relevant times, Plaintiff and the FLSA Class were similarly situated in that they had substantially similar and/or identical job duties and have been subjected to Defendant' common pay practices, policies, programs, procedures, protocols and plans which resulted in Defendant willfully failing and refusing to pay them the applicable overtime rate for all hours worked over 40 in a given workweek.

33. Upon information and belief, there are at least 100 FLSA Class members.

34. The FLSA Class is readily identifiable and locatable through Defendant's records.

35. In this action, Plaintiff will seek permission to send notice of this instant action to the FLSA Class to permit them an opportunity to opt-in to this action pursuant to 29 U.S.C § 216.

36. Annexed hereto as **Exhibit 1** is Plaintiff's consent to sue form pursuant to 29 U.S.C. § 216.

## CLASS ACTION ALLEGATIONS

37. Plaintiff brings his Second and Third Causes of Action individually and as a class action under Fed. R. Civ. P. 23 on behalf of all similarly situated persons.

38. The class Plaintiff seeks to represent is defined as all persons who are or were employed by Defendant or any of them, on or after the date that is six years before the filing of the complaint in this case (plus the extra days tolled by the Executive Orders issued by Government Andrew Cuomo) who worked as Client Managers or Small Business Consultants or performing similar duties and who were not paid the applicable overtime rate for all hours worked over 40 in a given workweek and who were not provided with NYLL-compliant wage statement due to Defendant's common policy or practice of failing to pay the applicable overtime rates for all hours worked over 40 in a given workweek (the "NYLL Class").

39. Upon information and belief, the NYLL Class consists of not less than 100 persons.

40. There are questions of law and fact common to the NYLL Class which predominate over any questions affecting only individual members, including whether Defendant failed to pay Plaintiff and the NYLL Class the applicable overtime rate for all hours worked over 40 in a given workweek, whether an exception to the NYLL overtime provision applies given the job duties of the Plaintiff and the NYLL Class, whether the Defendant proffered NYLL-compliant wage notices

5

and wage statements to Plaintiff and the NYLL Class, and whether Defendant's acts and omissions were willful or in reckless disregard of the law.

41. The claims of Plaintiff are typical of the claims of the NYLL Class in that the Plaintiff and all of the members of the NYLL Class have been similarly affected by the acts and practices of Defendant and the Plaintiff and the NYLL Class performed the same job duties.

42. Plaintiff will fairly and adequately protect the interests of the members of the NYLL Class because his interests are in line with and not adverse to the interests of other members of the class.

43. Plaintiff has retained counsel that is experienced in the area of wage and hour law and class action litigation.

44. Bringing these claims as class action rather than as 50 or more individual actions is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

## FIRST CAUSE OF ACTION
**Overtime Wage Violations under the Fair Labor Standards Act of 1938**

45. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

46. During the applicable statute of limitations period, Plaintiff and the FLSA Class regularly worked more than 40 hours in a given work week for Defendant.

47. During the applicable statute of limitations period, Defendant willfully failed to pay Plaintiff and the FLSA Class wages at the applicable overtime rate for all hours worked over 40 in a given work week.

48. As a result, Plaintiff and the FLSA Class seek actual and statutory damages, interest, costs, and reasonable attorneys' fees as provided by FLSA, as well as such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### Overtime Wage Violations under Art. 19 of the New York Labor Law

49. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

50. During the applicable statute of limitations period, Plaintiff and the NYLL Class regularly worked more than 40 hours in a given work week for Defendant.

51. During the applicable statute of limitations period, Defendant willfully failed to pay Plaintiff and the NYLL Class wages at the applicable overtime rate for all hours worked over 40 in a given work week in violation of the NYLL.

52. As a result, Plaintiff and the NYLL Class seek actual and statutory damages, interest, costs, and reasonable attorneys' fees as provided by NYLL, as well as such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### Wage Notice and Wage Statement Violations under Art. 6 of the New York Labor Law

53. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

54. Pursuant to §195(3) of the NYLL, Defendant was obligated to provide Plaintiff and the NYLL Class with a wage statement, along with their pay, that specified their rate of pay, their hours worked, and the pay period.

55. Defendant failed to provide Plaintiff and the NYLL Class with a proper paystub in accordance with §195 of the NYLL.

56. As a result, Plaintiff and the NYLL Class seek statutory damages, interest, costs, and reasonable attorneys' fees as provided by NYLL, as well as such other legal and equitable relief as this Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Plaintiff's costs and reasonable attorneys' fees; and

E. Any relief the Court deems just and proper.

Dated: February 15, 2022
       New York, New York

                                              Respectfully submitted,

By: *Michael Taubenfeld*
Michael Taubenfeld, Esq.
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
Email: michael@fishertaubenfeld.com
*ATTORNEYS FOR PLAINTIFF*

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an individual who was employed by Unum Insurance and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.

Stephen Plumatillo
_____
NAME

*[DocuSigned by: B19283CDB185447...]*
_____
SIGNATURE

2/14/2022
_____
DATE